BOYER VALLEY TELEPHONE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9765.   Promulgated January 17, 1928.

*Alfred L. Geiger, Esq.*, for the petitioner.
*Joseph K. Moyer, Esq.*, for the respondent.

MURDOCK: This is a proceeding for the redetermination of deficiencies in income and excess-profits taxes for the years 1919, 1920, and 1921, as follows:

| | |
|---|---|
| 1919 | $134. 82 |
| 1920 | 782. 89 |
| 1921 | 846. 37 |
| Total | 1, 764. 08 |

It was alleged that the Commissioner erroneously eliminated the sum of $29,222.61 from invested capital for the years 1920 and 1921, and that he did not properly compute the deduction for depreciation for the years 1919, 1920, and 1921.

The facts were stipulated as follows:

That on October 1, 1916, the charter of the Woodbine Telephone Company, a corporation organized and existing under the laws of the State of Iowa, expired.

That at the date its charter expired the books of account of the Woodbine Telephone Company showed a Plant & Equipment Account of $101,733.91, as of September 30, 1916.

That the Boyer Valley Telephone Company, the taxpayer in this case, was organized under the laws of the State of Iowa on August 2, 1916.

An appraisal was made of the Plant and Equipment of the Woodbine Telephone Company, which showed an appraised value as of October 1, 1916, of $134,314.94.

This appraisal was made by Charles C. Deering, of Des Moines, Iowa, Secretary-Treasurer of the Iowa Independent Telephone Association, and by Perry C. Holdoegel, Secretary and General Manager of the Central Mutual Telephone Company, of Rockwell City, Iowa.

The Boyer Valley Telephone Company on October 1, 1916, acquired all the assets of the Woodbine Telephone Company on the appraised value of $134,-314.94 for plant and equipment, and issued its total capital stock of $125,000.00 and notes payable of $9,000.00 therefor.

The difference between the book value of the plant and equipment account on the books of the Woodbine Telephone Company and the book value of these same assets set up on the books of the Boyer Valley Telephone Company, the present taxpayer, based on the appraisal, was $32,581.03. Of this amount $3,358.42 represented material and supplies; the balance, or $29,222.61, was disallowed by the Commissioner of Internal Revenue, both for invested capital and depreciation purposes, and is the issue involved in this appeal.

No further evidence or testimony was offered at the hearing of the case. The appraisal itself was not introduced in evidence. It is not known on what basis it was made. There was no evidence as to the date of acquisition of the assets, their cost, or the length of time they had been used. We are unable to determine that the Commissioner was in error either as to the value of the assets at the time they were acquired by the petitioner, or their cost to the petitioner.

*Judgment will be entered for the respondent.*